Zane S. Froerer (#10807)
FROERER AND MILES, P.C.
2661 Washington Blvd., Suite 201
Ogden, Utah 84401
801-621-2690
Zane.froerer@froererlaw.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT OF THE STATE OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| SCOLIOSIS CENTER OF UTAH, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH SCOLIOSIS CENTER, LLC, a Utah Limited Liability Company, SPINAL REHAB SPECIALISTS, LLC, a Utah Limited Liability Company, DR. DAN LAFONTAINE and DR. CHRISTIAN GOMEZ,<br><br>Defendants. | **COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**<br><br>Case Number:<br><br>Judge: |

Plaintiff Scoliosis Center of Utah, LLC ("Plaintiff"), by and through counsel, alleges against Defendant Utah Scoliosis Center, LLC, Spinal Rehab Specialists, LLC, Dr. Dan LaFontaine, and Dr. Christian Gomez ("Defendants") as follows:

**Nature of the Action**

1. Dr. Dean's practice has publicly promoted specialized scoliosis and spine-rehabilitation services in the Wasatch Front market under the name **Scoliosis Center of Utah** since 2018; this has created considerable goodwill under that tradename.
2. Plaintiff also uses a separate design mark consisting of a slightly elongated letter "S" containing an abstract curved-spine image (the "Design Mark"). Since approximately 2023, Plaintiff has displayed the Design Mark on its website, social-media pages, and

other consumer-facing materials to identify and distinguish the source of its specialized scoliosis services. *See* Examples of Plaintiff's Trademarks as Exhibit A.

3. In 2025, Defendants began offering materially overlapping services under the name **Utah Scoliosis Center**—the same operative words in reverse order.

4. In addition, Defendants not only adopted a name that was nearly identical to the Plaintiff's tradename, Defendants have also engaged in marketing through social media and internet channels using similar or identical marketing materials which use appears to be calculated to intentionally cause confusion and result in consumers associating Defendants' services with those of Plaintiff's more established business operations.

5. In some instances, Defendants have used identical images, terminology, and trade dressing on their webpages, including using pictures of female practitioners who have a strong resemblance to Dr. Dean, which demonstrate an intention to develop a marketing strategy that incorrectly creates the impression of Defendants' being associated with or being the same source of services as Dr. Dean who is associated with Plaintiff.

6. Defendants also adopted a logo and mark that directly incorporates imagery that is nearly identical to the Plaintiff's logo and mark. Specifically, the Defendants' mark includes the same abstract, curved spine image that Plaintiff has used in its marketing since at least 2023. *See* Examples of Defendants' Mark and Marketing as Exhibit B (I).

7. Patients seeking Plaintiff have confused the two clinics while locating and scheduling care. Defendants have continued using its name despite Plaintiff's written notice of the conflict and evidence of actual confusion which has led consumers to believe that

Defendants are either affiliated with the Plaintiff or the same source of the services provided by the Plaintiff.

8. Plaintiff seeks to stop Defendants' use of Utah Scoliosis Center and confusing variants in connection with scoliosis-treatment services, together with damages and other relief authorized by federal and Utah law.
9. The direct conduct is being done through Defendant Utah Scoliosis Center.
10. However, upon information and belief, the other Defendants are involved in the use of the Plaintiff's tradename, trademark, trade dress, and other intellectual property.
11. Dr. Dan LaFontaine is a doctor of chiropractic medicine who has been historically associated with Spinal Rehab Specialists.
12. He primarily works with auto accident patients and does not specialize in scoliosis care.
13. Dr. Christian Gomez has recently associated with Dr. Dan LaFontaine and, upon information and belief, they have set up Utah Scoliosis Center as a enterprise to specifically compete with Plaintiff by offering similar services.
14. Upon information and belief, Defendants Dr. Gomez and Dr. LaFontaine, intentionally adopted a similar tradename, incorporated near identical components from Plaintiff's trademark.
15. Upon information and belief, Defendants Dr. Gomez and Dr. LaFontaine both worked together to set up Utah Scoliosis Center and get it going by incorporating Plaintiff's intellectual property for marketing purposes.

## Jurisdiction and Venue

16. This Court has subject-matter jurisdiction over Plaintiff's claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

17. Defendants' use of the name **Utah Scoliosis Center** in advertising and in commerce.

18. Defendant promotes and offers scoliosis-related services through a public website and online listings accessible to consumers outside Utah, and Plaintiff treats patients who travel to Utah from other states for specialized care.

19. This Court has supplemental jurisdiction over Plaintiff's Utah-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as the federal claims.

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

21. This Court has personal jurisdiction over Defendants because Defendant Utah Scoliosis Center, LLC is a Utah limited liability company, Spinal Rehab Specialists, LLC is a Utah Limited Liability Company and because Dr. Christian Gomez resides in Utah.

## Parties

22. Plaintiff is a Utah limited liability company with its principal place of business at 613 Fort Union Boulevard, Suite 100, Midvale, Utah 84047. Plaintiff provides specialized scoliosis, postural, and spine-rehabilitation services under the name Scoliosis Center of Utah.

23. Defendant Utah Scoliosis Center is a Utah limited liability company with its principal place of business at 1704 South State Street, Orem, Utah 84097. Defendant may be served through its registered agent, Daniel Thomas LaFontaine, at that address.

24. Defendant Spinal Rehab Specialists is Utah limited liability company with its principal place of business at 1704 South State Street, Orem, Utah 84097. Defendant may be served through its registered agent, Daniel Thomas LaFontaine, at that address.

25. Defendant Dr. Christian Gomez is an individual doing business at 1704 South State Street, Orem, Utah 84097.

**Factual Allegations**

**Plaintiff's Prior Use and Market Recognition**

26. Dr. Dean operated Cottonwood Chiropractic before adopting Scoliosis Center of Utah as a business designation. She began using that designation as a DBA around 2018 and registered the DBA in November 2018 with the State of Utah, Division of Corporations. *See* DBA Registration as Exhibit C.

27. The practice was publicly promoted under the Scoliosis Center of Utah no later than 2019. *See* Plaintiff's Marketing Materials as Exhibit D.

28. Dr. Dean later converted the DBA into an LLC in 2020. *See* Conversion to LLC as Exhibit E.

29. Plaintiff registered the domain name **scoliosiscenterofutah.com** on November 29, 2018, and has used that domain to identify and promote its services. *See* Godaddy Domain Registration as Exhibit F.

30. Before focusing on specialized scoliosis care, Dr. Katalina Dean operated a general chiropractic practice. She undertook additional training in scoliosis-specific exercise and bracing and shifted her clinical focus toward non-surgical treatment of scoliosis.

31. Plaintiff has promoted its specialized services under the Scoliosis Center of Utah name through its website, local-search and directory listings, patient communications and reviews, and professional and media channels. *See* Plaintiff's Marketing Materials as Exhibit D.

32. Recently, Plaintiff has sought Federal trademark protection by filing an application to register and protect the tradename and Design Mark. *See* Application for Trademark Registration as Exhibit G.

33. MyChiroPractice, Inc., a digital-marketing firm co-founded by Ardavan Javid, has worked with Dr. Dean since approximately 2019 on digital presence and search visibility for Scoliosis Center of Utah. Its work has involved developing the association between the Scoliosis Center of Utah name and the practice's website, location, clinicians, and specialized services. *See* Third Party Marketing Reports as Exhibit H.

34. Dr. Dean has also promoted her scoliosis-focused work through presentations and continuing-education activities for chiropractors in Utah.

35. Plaintiff offers non-surgical scoliosis care, including ScoliBrace-related care and rehabilitative methods, from its Midvale clinic; patients travel there from throughout the Wasatch Front and from outside Utah.

36. In addition to using the tradename "Scoliosis Center of Utah", Plaintiff has developed its brand using a unique trademark.

37. This Design Mark can be readily identified as a slightly elongated letter "S" with the abstract image of a curved spine within the letter. *See* Examples of Trademark as Exhibit A.

38. Since approximately 2023, the Plaintiff has been using this unique mark to promote its services.

39. This mark is used with the Plaintiff's website, social media pages, and other consumer facing materials to create a mental association between the image that the Plaintiff's business.

40. Through its continued use and promotion of the name in connection with specialized services, Plaintiff alleges that patients and referring providers in the relevant market have come to associate Scoliosis Center of Utah with Plaintiff's Midvale clinic.

**Defendant's Later Use and Advertising**

41. Defendant Utah Scoliosis Center, LLC was formed on October 24, 2025, and is affiliated with Defendant Spinal Rehab Specialists, LLC.

42. Similar to Plaintiff, Defendant provides non-surgical scoliosis evaluation, treatment, rehabilitation, corrective bracing, and ScoliBrace-related services from 1704 South State Street, Orem, Utah 84097.

43. Defendants market their services as Utah Scoliosis Center. The parties' names use the same operative words—Scoliosis, Center, and Utah—in reverse order for materially overlapping specialized services offered to the same regional class of patients.

44. Defendant's Orem location is approximately 29 miles from Plaintiff's Midvale clinic. Patients travel throughout the Wasatch Front for specialized scoliosis care.

45. The address and telephone number Defendant uses, (801) 221-2999, are also publicly associated with a pre-existing chiropractic practice, Spinal Rehab Specialists.

46. An August 2026 capture of Defendant's website displayed the heading "Visit Us in Salt Lake" alongside Defendant's listed clinic address of 1704 South State Street, Orem, Utah 84097.

47. Mr. Javid also described having observed a prospective-patient field referring to "Location (Salt Lake County)." That field's exact page, date, and context require authentication before it is offered as proof of the website's contents. *See* Third Party Marketing Reports as Exhibit H.

48. Defendants' website also represented that it was "Utah County's exclusive specialist for scoliosis treatment" and "the only certified ScoliBrace provider in the county."

49. These representations work along with the similarity of the tradenames to cause confusion with consumers because Plaintiff is also certified to offer ScoliBrace within the State of Utah, including Utah County.

50. Defendants' have also adopted a trademark which directly incorporates a key feature of the Plaintiff's trademark.

51. Defendants mark includes an almost identical abstract depiction of a curved spine running down the center of two triangles. *See* Examples of Defendants' Mark and Marketing as Exhibit B.

52. This mark is used on the Defendants' signage, on their web pages, and in social media.

53. By advertising that Utah Scoliosis Center is the only certified provider, consumers will naturally presume that it must be the same business as Scoliosis Center of Utah which also offers ScoliBrace products and services.

54. A ScoliBrace provider-directory listing identifies the clinic at Defendant's Orem address and telephone number as Spinal Rehab Specialists and provides the website www.spinalrehabsp.com. The directory does not identify the business name as Utah Scoliosis Center. *See* ScoliBrace Directory as Exhibit I.

55. Defendant's public certification representation does not identify the particular certified practitioner, the clinic or practice recognized by ScoliBrace, or the relationship between Defendant and Spinal Rehab Specialists.

56. In the context of Defendant's use of a name confusingly similar to Plaintiff's, the representation is likely to cause consumers to misunderstand the source, certification, sponsorship, affiliation, connection, or association of Defendant's services.

57. Defendants' decision to intentionally adopt and market its ScoliBrace services under a near identical naming and with overlapping or similar marketing materials demonstrates an intentional choice to develop a branding that would benefit from Plaintiff's years of investing in developing a brand within the market.

**Actual Patient Confusion**

58. **Jeffrey Roe's scheduling confusion.** Jeffrey Roe sought scoliosis treatment for his daughter and scheduled an examination with Plaintiff. After he received Plaintiff's Midvale address, Mr. Roe was confused because he had believed the clinic was located in Orem. He initially assumed he had contacted the wrong clinic and left a voicemail seeking to cancel before Plaintiff explained that the two clinics were separate. *See* Patient Statements as Exhibit J.

59. **David Crookston's destination confusion.** David Crookston had previously received treatment from Plaintiff. When he later attempted to locate Plaintiff through Google

Maps, he drove to the Orem clinic and was confused because it looked different. After contacting Plaintiff, he learned Plaintiff's only location was in Midvale and missed his appointment. *See* Patient Statements as Exhibit J.

60. This confusion occurred while patients were locating, scheduling, and deciding whether to obtain specialized scoliosis care: it includes patient payments to the wrong entity.

**Notice and Continuing Use**

61. On July 7, 2026, Plaintiff, through counsel, notified Defendant of Plaintiff's prior use, the confusing similarity of the names, and instances of patient confusion. Plaintiff demanded that Defendant cease use of Utah Scoliosis Center, adopt a clearly distinguishable name, and remove or revise public-facing materials using the challenged name or confusing variants. Letter dated July 7, 2026 as Exhibit K.

62. Defendant refused to change its name. In its response dated July 21, 2026, and signed August 4, 2026, Defendant denied liability and stated that it would not comply with Plaintiff's demand. *See* Defendant's Response Letter as Exhibit L.

63. On September 11, 2026, Plaintiff sent Defendant written notice by certified mail and email under Utah Code § 13-11a-4 identifying the geographic and certification representations alleged above as deceptive trade practices and providing Defendant an opportunity to promulgate an appropriate correction notice through the same internet-based media. See Truth in Lending Letter as Exhibit M.

64. The Defendants have continued to use Utah Scoliosis Center in their marketing of scoliosis services after receiving Plaintiff's July 7, 2026 demand.

65. Plaintiff has experienced patient confusion and disrupted patient opportunities as alleged above and believes that this confusion will be further supported through market surveys and other evidence that will be developed in this case.

66. Its continued marketing under the Scoliosis Center of Utah designation gives it an interest in preserving the association of that name with its own clinic.

67. In Mr. Javid's professional assessment, similarly named providers offering overlapping services to overlapping regional audiences create a risk of ambiguous branded searches and increased expense to differentiate the practices online. *See* Third Party Marketing Reports as Exhibit H.

**Count I — False Designation of Origin**

**15 U.S.C. § 1125(a)(1)(A)**

68. Plaintiff incorporates paragraphs 1 through 67.

69. Scoliosis Center of Utah is a service designation used by Dr. Dean's practice before Defendants' adoption of a near identical name.

70. The tradename "Scoliosis Center of Utah" is currently an unregistered mark[1].

71. Plaintiff also uses the Design Mark and has since approximately 2023, Plaintiff has displayed the Design Mark on its website, social-media pages, and other consumer-facing materials to identify and distinguish the source of its specialized scoliosis services. *See* fn. 1.

72. The Design Mark is inherently distinctive when considered as a whole. Its particular stylized combination of an elongated "S" and an abstract curved-spine image creates a source-identifying visual impression, rather than merely naming or describing the

[1] Application for registration was filed on October 28, 2026 as filing number 50186899.

services offered. Plaintiff claims protection in that overall design, not in the general concept of depicting a spine or using the letter "S."

73. Alternatively, through its consistent display and promotion in connection with Plaintiff's services, the Design Mark acquired secondary meaning among patients and referring providers in the relevant market before Defendants began the challenged use of their design. Those consumers associate the Design Mark with Plaintiff as a single source of specialized scoliosis services.

74. The Scoliosis Center of Utah word mark is protectable through acquired distinctiveness. The Design Mark is protectable through inherent distinctiveness and acquired distinctiveness. Plaintiff's claims concern the source-identifying significance of each mark considered as a whole, rather than exclusive rights in individual descriptive words or commonplace visual elements.

75. Plaintiff uses "Scoliosis Center of Utah" as a service mark to identify and distinguish the specialized scoliosis evaluation, non-surgical treatment, bracing, and rehabilitation services offered by its Midvale practice. Plaintiff uses the designation as the name of a particular source of services, rather than merely as a description of scoliosis care generally.

76. The practice has promoted its services under the Scoliosis Center of Utah designation through its website and corresponding domain name, local-search and directory listings, patient communications and reviews, and professional presentations and continuing-education activities. Those uses associate the designation with the practice's clinicians, Midvale location, and specialized services.

77. MyChiroPractice, Inc. has worked with Dr. Dean since approximately 2019 to develop the practice's digital presence and search visibility under the Scoliosis Center of Utah name, including the association between that name and the practice's website, location, clinicians, and services.

78. Through that sustained use and promotion, the Scoliosis Center of Utah designation acquired secondary meaning among patients and referring providers in the relevant Wasatch Front market before Defendants adopted the challenged Utah Scoliosis Center designation. To those consumers, the designation identifies the particular practice now operated by Plaintiff, rather than scoliosis-treatment services generally.

79. Plaintiff claims protection in the Scoliosis Center of Utah designation as a whole as an identifier of the source of its services. Plaintiff does not claim an exclusive right to prevent others from using the individual words "scoliosis," "center," or "Utah" in a noninfringing descriptive manner.

80. Plaintiff also uses a separate design mark consisting of a slightly elongated letter "S" containing an abstract curved-spine image (the "Design Mark"). Since approximately 2023, Plaintiff has displayed the Design Mark on its website, social-media pages, and other consumer-facing materials to identify and distinguish the source of its specialized scoliosis services.

81. The Defendants have engaged in trademark and tradename infringement by adopting a nearly identical name and by prominently incorporating a central feature of the Plaintiff's mark into their logo.

82. While these infringements are being done through Utah Scoliosis Center, Defendants Dr. Gomez, Dr. LaFontaine, and Spinal Rehab Specialists were all involved in

formulating the business name, the logo, and developing the marketing campaign to mimic and infringe upon the Plaintiff's name, marks, and marketing.

83. It was publicly promoted starting in 2019 to identify specialized scoliosis-related services. Plaintiff continues the practice's use and goodwill of the tradename.

84. Plaintiff's sustained use and promotion of the Scoliosis Center of Utah name in the relevant market have caused that designation to acquire distinctiveness as identifying Plaintiff's services.

85. Defendants use Utah Scoliosis Center in commerce in connection with the same or closely related specialized scoliosis services within overlapping geographical areas.

86. Defendants' name is confusingly similar to Plaintiff's designation in appearance, sound, meaning, and commercial impression. The names use the same operative words, reversed, for materially overlapping services offered to the same regional class of patients, including through the same online search environment.

87. Defendants' use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' services.

88. The likelihood of confusion is reinforced by Defendants' representation that Utah Scoliosis Center is a certified ScoliBrace provider while the provider directory identifies Defendants' Orem address and telephone number under the name Spinal Rehab Specialists.

89. Defendants appear to have chosen to use branding and marketing similar to that which has been historically used by the Plaintiff to intentionally appear to be the business that Plaintiff has been marketing for many years.

90. The confusion that is likely to occur and has occurred is even more likely because Defendants are misrepresenting the affiliation of the ScoliBrace certification using a confusingly similar name to Plaintiff's tradename rather than market under the actual business that is certified.

91. This shows that the Defendants are intentionally engaging in conduct which is intended and calculated to confuse consumers and derive Defendants benefit from the confusion that is created.

92. Actual confusion has occurred, including the patient confusion described above.

93. Defendant's conduct violates 15 U.S.C. § 1125(a)(1)(A). Plaintiff is entitled to injunctive and monetary relief under 15 U.S.C. §§ 1116 and 1117.

**Count II — False Advertising**

**15 U.S.C. § 1125(a)(1)(B)**

94. Plaintiff incorporates paragraphs 1 through 93.

95. In the website material captured in August 2026, Defendants represented "Visit Us in Salt Lake" while listing its clinic address as 1704 South State Street, Orem, Utah 84097.

96. Defendants' "Visit Us in Salt Lake" representation is false or misleading as to the geographic origin or location of Defendants' services and is calculated to cause consumers to associate Defendants' services with those of Plaintiff.

97. The representation is material because clinic location is likely to influence a prospective patient's decision whether and where to seek specialized scoliosis care as well as being used by consumers to identify which clinic they are seeking services from.

98. The geographic representation creates a risk of misleading prospective patients about where Defendants provides its services and of aggravating confusion between the clinics.

99. Defendants have also used images that Plaintiff has used, and has attempted to copy the presentation or trade dress of the Plaintiff's social media and web pages.

100. Plaintiff alleges injury to its competitive and goodwill interests from the challenged advertising and related confusion.

101. Defendant's conduct violates 15 U.S.C. § 1125(a)(1)(B). Plaintiff is entitled to injunctive and monetary relief under 15 U.S.C. §§ 1116 and 1117.

**Count III — Utah Truth in Advertising Act**

**Utah Code §§ 13-11a-3 and 13-11a-4**

102. Plaintiff incorporates paragraphs 1 through 101.

103. Defendants' use of Utah Scoliosis Center, its certification advertising, and the circumstances alleged above cause or are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, certification, affiliation, connection, or association of Defendant's services, in violation of Utah Code § 13-11a-3(1)(b), (c), (e), and (t).

104. Defendants' "Visit Us in Salt Lake" representation, used with an Orem address, is a deceptive designation of geographic origin in violation of Utah Code § 13-11a-3(1)(d).

105. On September 11, 2026, Plaintiff sent Defendants the written notice and correction opportunity required by Utah Code § 13-11a-4(4). The ten-day period for Defendants to promulgate a correction notice runs from Defendants' receipt of that notice.

106. Upon information and belief, Defendants' received the letter on September 12th, 2026.

107. Upon the expiration of that period without an adequate correction notice through the same media, Plaintiff will be entitled to seek the injunctive relief, damages, costs, attorney fees, and other relief authorized by Utah Code § 13-11a-4.

108. The Defendants have continued to use materials and identifiers that are intentionally or recklessly confusing with the Plaintiff's logo, tradename, trademark, and trade dressing.

109. Plaintiff has registered its tradename with the State of Utah and has also sought registration for the tradename and trademark with the United States Patent and Trademark Office.

110. Despite being warned that its use was improper, causing confusion, and was not truthful, the Defendants have persisted in conduct that violates the Act.

**Count IV — Utah Unfair Competition Act**

**Utah Code §§ 13-5a-102 and 13-5a-103**

111. Plaintiff incorporates paragraphs 1 through 110.

112. Defendant intentionally adopted and continued to use Utah Scoliosis Center for materially overlapping specialized services after Plaintiff had publicly used Scoliosis Center of Utah for years and after Plaintiff gave Defendant written notice of the name conflict and patient confusion.

113. Defendant's conduct constitutes trade-name infringement and is unlawful, unfair, or fraudulent within the meaning of Utah Code § 13-5a-102(4).

114. Plaintiff alleges that Defendant's challenged trade-name use has caused or threatens a material diminution in the value of the goodwill and source-identifying value of the Scoliosis Center of Utah designation.

115. Plaintiff has been injured by Defendant's unfair competition and is entitled to actual damages, costs, attorney fees, and punitive damages as the Court deems appropriate under Utah Code § 13-5a-103.

**Count V — Common-Law Unfair Competition and Trade-Name Infringement**

116. Plaintiff incorporates paragraphs 1 through 115.

117. Plaintiff has a protectable common-law interest in the Scoliosis Center of Utah designation and the goodwill associated with it.

118. Defendant's use of Utah Scoliosis Center for materially overlapping services is likely to cause confusion as to source, sponsorship, affiliation, connection, or approval, and has caused actual confusion.

119. Defendant's conduct constitutes unfair competition and trade-name infringement under Utah common law. Plaintiff is entitled to injunctive relief, damages, costs, and other appropriate relief.

**Count VI—Tortious Interference in Business Relationship**

120. Plaintiff incorporates paragraphs 1 through 119.

121. Plaintiff has existing and prospective economic relationships with patients who have received its services, scheduled appointments, or contacted Plaintiff to obtain specialized scoliosis evaluation, treatment, bracing, or rehabilitation.

122. These relationships include patients returning for additional care and prospective patients who scheduled evaluations with the intention of obtaining services from Plaintiff.

123. Those relationships include the prospective patient whose mother contacted Plaintiff on June 23, 2026, to cancel her daughter's scheduled appointment.

124. The mother explained that she had scheduled at the Orem clinic, believed it was affiliated with Plaintiff, and selected that clinic's less expensive initial appointment on that understanding. She cancelled Plaintiff's appointment despite being informed that the practices were separate.

125. On information and belief, Defendants knew that Plaintiff had existing and prospective patient relationships and that patients seeking Plaintiff's services could encounter Defendants' competing name and marketing.

126. This inference rests on the overlapping specialized services and regional patient market, the challenged similarity of the names and branding, and the written notice identifying Plaintiff's prior use and patient confusion.

127. Upon information and belief, Defendants schemed to use similar and confusing identifiers, names, marketing, logos, and marks to induce consumers to believe that they were the Plaintiff.

128. Furthermore, that by using these similar and confusing identifiers, they could increase the likelihood of causing confusion in SEO marketing through the primary internet marketing platforms such as Google and Facebook.

129. They hoped that by mimicking the Plaintiff's already successful marketing through similar and confusing identifiers, they would be able to immediately compete and

create confusion with consumers who were already familiar with the Plaintiff's branding.

130. On information and belief, Defendants intentionally interfered with those relationships by using the challenged designation and branding to induce patients seeking Plaintiff's services to associate Defendants' clinic with Plaintiff and to obtain care from Defendants instead.

131. The alleged interference includes the continuation of the challenged conduct after notice of Plaintiff's rights and the reported confusion. Plaintiff alleges intentional diversion through the challenged conduct, not merely an intent to compete.

132. Defendants employed improper means through the unregistered service-mark infringement and false designation of origin alleged in Count I, including their use of the challenged name and, to the extent established by the evidence, the challenged design to create a misleading impression of common source, sponsorship, or affiliation. These alleged violations of independently applicable law—not competition, price differences, or an improper motive standing alone—constitute the improper means supporting this count.

133. To an extent to be determined, this scheme of interference and efforts to divert consumers who were seeking Plaintiff has been successful.

134. The challenged conduct disrupted Plaintiff's existing and prospective patient relationships, including the scheduled appointment cancelled on June 23, 2026, and caused Plaintiff to lose the opportunity to provide the scheduled evaluation and earn the income associated with it.

135. Plaintiff seeks recovery for additional treatment opportunities only to the extent their occurrence and value can be established without speculation.

136. On information and belief, the same challenged conduct also interfered with additional existing or prospective patient relationships whose participants or full circumstances are not yet known to Plaintiff.

137. This allegation concerns persons who had an existing relationship with Plaintiff or were seeking or arranging services from Plaintiff when the interference occurred, including additional persons identified through discovery.

138. As a direct and proximate result of the intentional interference accomplished by the improper means alleged above, Plaintiff suffered economic injury, including lost income and profits from disrupted patient opportunities, in an amount to be proved at trial. Plaintiff seeks compensatory damages and such other relief as the Court determines is authorized by law, without duplicative recovery for the same injury under other counts.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant and grant the following relief:

A. Declare that Defendant's use of Utah Scoliosis Center in connection with specialized scoliosis-treatment services violates 15 U.S.C. § 1125(a) and constitutes unfair competition and trade-name infringement under Utah law;

B. Preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction, from using Utah Scoliosis Center or any other name

or designation likely to cause confusion with Plaintiff's Scoliosis Center of Utah designation in connection with specialized scoliosis-treatment services;

C. Require Defendant to remove or revise public websites, directory listings, social-media profiles, and advertising that use the enjoined name or that misstate the location, source, affiliation, or ScoliBrace certification of Defendant's services;

D. Require corrective advertising or a corrective statement reasonably tailored to remedy any deceptive geographic, certification, source, or affiliation representation established at trial;

E. Order an accounting of Defendant's profits attributable to the violations, to the extent permitted by law and equity;

F. Award Plaintiff actual damages for all counts; the statutory recovery under Utah Code § 13-11a-4, as applicable; and enhancement or punitive damages authorized by law;

G. Award Plaintiff costs and reasonable attorney fees where authorized, including under Utah Code §§ 13-11a-4 and 13-5a-103 and 15 U.S.C. § 1117(a);

H. Award pre- and post-judgment interest as allowed by law; and

I. Grant such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 30th day of October, 2026.

**FROERER & MILES, P.C.**

By: */s/ Zane S. Froerer*________

Zane S. Froerer (Utah Bar No. 10807)
Holden T. Froerer (Utah Bar No.20205)
*Attorneys for Plaintiff Scoliosis Center of Utah, LLC*